MARTIN et al. v. FREED.

(Supreme Court, General Term, Second Department. December 12, 1892.).

ARREST IN CIVIL ACTION—FRAUD—VACATING THE ORDER.

An order for the arrest of a person charged with having contracted a debt by fraudulently representing his ability to pay, should not be vacated on the ground that defendant has confessed judgment in Pennsylvania for the amount, which judgment was repudiated by plaintiffs as soon as they learned of it, as such judgment will bind no one unless entered so as to bind plaintiffs.

Appeal from special term, Kings county.

Action by George W. Martin and others against Samuel C. Freed. Defendant was arrested for procuring goods by fraudulently representing his ability to pay therefor. From an order denying a motion to vacate the order of arrest, he appeals. Affirmed.

Defendant was a resident of Lynnfield, Pa., and was president and business manager of the Arctic King Refrigerator Company, at Royesford, that state. Plaintiffs state in their complaint that he applied to them on the 12th day of February, 1892, to purchase goods of the value of $5,528.89, representing that he was perfectly able to pay therefor, and that he had sufficient property and means so to do, and urged the shipment of the goods that day; that, instead of shipping them at once, they sent W. H. Reynolds, their cashier, to see him at Lynnfield, to make specific inquiries from him as to his assets and liabilities. Mr. Reynolds saw him on the following day, and, in answer to questions as to his ability to pay, defendant represented that he was the owner in his own name of 155 shares of the stock of the Arctic King Refrigerator Company, of the par value of $50 per share; that he also owned certain real estate that had cost him $23,000; that there was a mortgage of only $8,000 thereon, and that this mortgage was all he owed; that, relying on these representations, they shipped him the goods. On the same day defendant purchased these goods from plaintiffs he purchased goods from other parties of the aggregate value of $3,869, and his total indebtedness at this time was more than $50,000. Soon after these goods were shipped to defendant, they, together with all his other property, were levied upon by other creditors. On March 3, 1892, plaintiffs first learned that defendant had confessed judgment in the courts of Pennsylvania for the amount of their indebtedhess, and at once repudiated it. At the time defendant was arrested he was attempting to board a vessel about to start for Europe, and had so disguised himself, by entirely changing his accustomed dress and shaving all the hair from his face, that it was almost impossible to recognize him. Defendant's motion to vacate the order of arrest was based chiefly on the ground that the judgment confessed by him in Pennsylvania in favor of plaintiffs is a bar to such an action.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Isaac Miller, for appellant.

J. Stewart Ross, for respondents.

BARNARD, P. J.    The defendant contracted a large debt to the plaintiffs by fraudulent representation. He was a resident of Pennsylvania, and the plaintiffs are alleged to have obtained a judgment against him in that state as upon a contract. This judgment was obtained upon a confession note for the debt, and it was repudiated by the plaintiffs when they were informed of the entry of the judgment. No connection is proven between the plaintiffs and the confession note. The Pennsylvania judgment will bind no one, unless it was entered so as to bind the plaintiffs. The point argued, whether a judgment recovered in a foreign state upon a fraud merged the original consideration so that an order of arrest in this state can neither be granted on the original fraud or on the judgment obtained for the fraud, is not presented. If the defendant pleads a judgment, the plaintiffs can deny it, and the question will be tried as in other cases of a dispute as to facts.

Order affirmed, with costs and disbursements.    All concur.